United States District Court
Southern District of Texas
FILED

DEC 1 6 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

REYES RUIZ-ORTIZ )
)
) C.A. No. _____   B-03-226
v. )
)
PHILIP D. TUTAK, DHS INTERIM DISTRICT ) DHS A No. 90 877 983
DIRECTOR FOR INTERIOR ENFORCEMENT, )
and )
JOHN ASHCROFT, ATTORNEY )
GENERAL OF THE UNITED STATES. )

### PETITION FOR WRIT OF HABEAS CORPUS

REYES RUIZ-ORTIZ, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §2241 (habeas corpus), and §1331 (federal question).

2. The Petitioner Mr. Ruiz-Ortiz is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham* 371 U.S. 236, 240(1963). His immigration proceedings were held and the removal order was entered at the Harlingen, Cameron County, Texas, Immigration Court.

3. The Respondent Tutak maintains his offices in Harlingen, Cameron County, Texas, within the jurisdiction of this court.

### II. THE PARTIES

4. Petitioner Mr. Ruiz-Ortiz has been a legal permanent resident for thirteen (13) years. He is a forty-five (45) year old native and citizen of Mexico who became a legal permanent resident at the age of thirty-two (32). He has a single state court judgment of community supervision on September 25, 2001 for possession of marijuana occurring in Kleberg County, Texas. Besides this single possession offense, the Petitioner Mr. Ruiz-Ortiz has a strong record as a productive member of American society.

5. Respondent Philip Tutak is an Interim District Director of the Harlingen, Cameron County, Texas, office of the Department of Homeland Security ("DHS").

He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

### III. THE FACTS

7. Petitioner Reyes Ruiz-Oritz was admitted to the United States as a lawful permanent resident ("LPR") in 1990. He originally came to the United States in 1981. He has been married to the same US citizen spouse since 1995 and they have four(4) U.S. citizen children. He was a farm laborer and agricultural worker for many years. More recently, his work has been limited due to medical problems.

8. On or about September 25, 2001 he was given community supervision for first time possession of marijuana, the criminal act occurring in April, 2001. Mr. Ruiz-Ortiz was given Community Supervision for a three(3) year period and he fully completed the supervision. Prior to this time, Petitioner had a theft misdemeanor conviction in the early 1980s for which he served time in the county jail.

9. Immigration proceedings against Petitioner began on September 25, 2001 charging removability based on violations of laws involving controlled substances which Petitioner admitted. The Notice to Appear contained no allegation of the commission of an aggravated felony which he denied. His application for cancellation of removal was filed and the fee paid on June 25, 2002. On June 25, 2002, the Immigration Judge pretermitted the case, determining that the conviction constituted an aggravated felony making Petitioner ineligible for relief from removal termed cancellation of removal pursuant to 8 U.S.C. 1229 B(a), Sec. 240A(a) of the Immigration and Naturalization Act.

10. The INS appealed the decision to the Board of Immigration Appeals (BIA) and on November 25, 2003, the Board affirmed the decision of the Immigration Judge and dismissed the appeal. A copy of the BIA decision is attached as Exhibit B hereto. Petitioner alleges that except for the administrative proceedings detailed herein, he has sought no court review of the validity of any immigration court order or BIA decision prior to the filing of this instant suit.

11. The Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Immigration and Nationality Act, 8 U.S.C. 1229 B(a), cancellation of removal for legal permanent residents. Mr. Reyes Ortiz has argued that because he has lived in the United States for many years, because of his United States citizen spouse and children, his many years of residence in the U.S., and because of his work record in the U.S. and his recent medical history , his case should be given consideration.

12. From the time of Petitioner's criminal conduct and subsequent involvement in immigration courts, from 2001 to the present, several significant legal developments in immigration law impacted upon this case as follows:

√ On May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and suggested that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√ On February 14, 2002, the Board ruled in *Matter of Salazar*, Int. Dec. 3462 (BIA 2002) that, in light of *Hernandez-Avalos*, op.cit the Fifth Circuit an alien, like Mr. Reyes Ruiz Ortiz is eligible for no relief from removal.

13. Because Mr. Ruiz-Ortiz has such a lengthy residence in the United States and since all of his family members are United States Citizens, it is likely that he would have qualified for cancellation of removal had his case been heard on the merits.

14. Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense involving simple first time possession of marijuana have either: 1) Received *Matter of Mannrique*, 21 I & N Dec. 58 (BIA 1995) treatment and their proceedings were terminated without further appeal; or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 14   herein.

Petitioner Mr. Ruiz-Ortiz asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

1. *Impermissible Retroactive Application of Law*

Petitioner alleges that the 2003 Board decision impermissibly violating his due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150L. Ed 2d 347 (2001).   Mr. Ruiz-Ortiz urges that the application of the BIA decisions to his case retroactively has occurred in the immigration proceeding.

2. *Statutory Construction*
a. Aggravated Felony

Mr. Ruiz Ortiz urges that the Immigration Court and the BIA erred as a matter of law in determining that *U.S. vs. Hernandez-Avalos* controls whether the conviction constitutes an aggravated felony. Furthermore, he alleges that a grave error exists in that the DHS did not even allege commission of an aggravated felony in its pleadings, demonstrating prima facie evidence that at the time of the initiation of the proceedings, Petitioner criminal conviction was not considered an aggravated felony, and/or that there was a failure of notice and lack of due process in failing to allege said aggravated felony, and then later finding removability based on that ground.

### b. Definition of Conviction

Petitioner further contends that the BIA, as a matter of law, incorrectly interpreted the meaning of as well as the the Congressional intent of 8 U.S.C 1101(a)(48)(A), as amended in 1996. Specifically, Mr. Ruiz-Ortiz urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, in which a state criminal court sentenced him for a first time, simple possession of a controlled substance.

### 3. Equal Protection

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Ruiz Ortiz also claims, following the reasoning of *Lujan-Armendariz, op.cit.* that the BIA's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Ruiz-Ortiz also asserts that it violates equal protection for the result of his case to hinge solely on the particular federal circuit in which removal proceedings are held. Had Mr. Ruiz-Ortiz been in immigration proceedings in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the

Third or Eleventh Circuits, he would have been eligible to apply for cancellation of removal. Petitioner would further show that other immigrants whose immigration proceedings arose within the Fifth Circuit, and who successfully transferred venue to other immigration courts located in certain other circuit courts have prevailed on their cancellation of removal claims.

### iii Different Results Due to Timing of Proceedings

Mr. Ruiz-Ortiz would show that the treatment of his case has depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2001 decision, *Hernandez-Avalos*, op. cit., serves as the basis for the Board Decision, but the *St. Cyr*, op.cit. decision of the U.S. Supreme Court one month later is ignored in its ruling. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| Between January, 1999-May 11, 2001 | Cancellation of Removal Hearing |

Petitioner Ruiz-Ortiz believes that if he had received the cancellation of removal hearing outlined above he probably would have received the grant of the relief sought from the Immigration Court. Any appeal and further use of the court system would only have been by the DHS complaining of the grant of the requested relief in light of the use by the Immigration Judge of his discretion rather than on the timing of consideration of the case. It violates equal protection for the result of whether Mr. Ruiz-Ortiz is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to the United States, based solely on the timing of immigration proceedings.

### 4. *Substantive Due Process*

Petitioner Mr. Ruiz-Ortiz further and/or in the alternative asserts that a deportation of him from the United States would violate a fundamental liberty

interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixq,* 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Ruiz-Ortiz enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA), the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA), which re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction" and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of the term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to receive community supervision.

*5. Procedural Due Process*

Petitioner Mr. Ruiz-Ortiz, additionally and/or in the alternative, urges that the Board's decision deprives him of procedural due process as required by the U.S. Constitution. *Reno v. Flores,* 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Ruiz-Ortiz's case, at the time of his criminal conduct, at the time of his plea, and when immigration proceedings began, his offense was not considered an aggravated felony under immigration law and relief was available. The NTA did not even contain an allegation that the

Petitioner's conviction constituted an But by the time the merits hearing was scheduled, and then later in the BIA by applying the law selectively, no recourse but removal was available. This result could not have been contemplated at the time of Mr. Ruiz-Ortiz's guilty plea. The concept of fair notice applies not just to criminal cases but also to civil penalties, such as removal. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore*, 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Ruiz-Ortiz had no notice of the civil penalty facing him at the time he plead guilty and because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of his guilty plea, the law is imposed in a retroactively impermissible fashion. This legal permanent resident in the U.S. since a young man was without notice of the penalties facing him at the time of his 2001 guilty plea.

### 6. International Law and Treaty Obligations

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Mr. Ruiz-Ortiz would show that the BIA decision violates international law and treaty obligations between the United States and Mexico, Mr. Polanco's birth place. *Universal Declaration of Human Rights* N. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

### V. PRAYER

Wherefore, the Petitioner pays that this Court grant the following:

1) Assume jurisdiction over this matter;

2) Stay any removal of Petitioner;

3) Declare the Removal Order of 2003 void and unlawful and set it aside;

4) Order that Petitioner's immigration case be reopened and that Petitioner be granted a cancellation of removal merits hearing or terminate proceedings;

5) Order that Petitioner's legal permanent residency card be returned to him; and

6) Grant any other relief which this Court deems just and proper.

Respectfully Submitted,

*[signature]*

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*

Paula S. Waddle
December 10, 2003

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was hand delivered to Ms. Lisa Putnam, SAUSA, INS District Office, at 1701 Zoy, Harlingen, Texas 78550, on the 12th day of December, 2003.

*[signature]*

Paula S. Waddle

```
                        IMMIGRATION COURT
                      201 E. JACKSON STREET
                       HARLINGEN, TX  78550
```

In the Matter of

                                     Case No.: A90-877-983

RUIZ-ORTIZ, REYES
    Respondent                       IN REMOVAL PROCEEDINGS

                  ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jun 25, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ] The respondent was ordered removed from the United States to
                                        or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ] Respondent's application for voluntary departure was granted until
      upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[X] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted (X)denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[X] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____

Date: Jun 25, 2002
Appeal: Waived/Reserved    Appeal Due By: 7-25-02

                                               /s/ David Ayala
                                             DAVID AYALA
                                             Immigration Judge

EXHIBIT A

JGC

**U.S. Department of Justice**             Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia  22041

---

File:  A90 877 983 - Harlingen                           Date: NOV 2 5 2003

In re:  REYES RUIZ-ORTIZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Paula Waddle, Esquire

ON BEHALF OF DHS:    Cheri L. Jones
                     Assistant District Counsel

CHARGE:

Notice:  Sec.  237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
         Convicted of controlled substance violation

APPLICATION:  Cancellation of removal

EXHIBIT B

   The respondent has appealed an Immigration Judge's June 25, 2002, decision, finding him removable as charged, ordering him removed to Mexico, and pretermitting his application for cancellation of removal. The appeal will be dismissed.

   The respondent is a native and citizen of Mexico who was admitted to the United States on December 1, 1990. On August 23, 2001, an indictment was filed against the respondent in Texas, charging that he committed a third degree felony by "knowingly or intentionally possess[ing] a usable quantity of marijuana in an amount of fifty pounds or less but more than five pounds" in violation of section 481.121(a)(b)(4) of the Texas Controlled Substance Act. The respondent pled guilty to the charge on September 25, 2001. He was sentenced to three years imprisonment, which was suspended, and was fined and required to pay restitution. The Department of Homeland Security ("DHS," formerly the Immigration and Naturalization Service) issued a Notice to Appear (Form I-862) on September 25, 2001. In the Notice to Appear, the respondent was charged with removability under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation, other than a single offense involving possession for one's use of 30 grams or less of marijuana. After a hearing held on June 25, 2002, an Immigration Judge found the respondent was removable as charged and found him ineligible for the relief of cancellation of removal inasmuch as he had been convicted of an aggravated felony.

   On appeal, the respondent challenges the finding that he was convicted of an aggravated felony, and asserts that he should be allowed to apply for a waiver of removal. We agree with the Immigration Judge that the respondent was convicted of an aggravated felony. The respondent's conviction is considered an aggravated felony because it is considered to meet the definition of a drug trafficking crime under section

A90 877 983

101(a)(43)(B) of the Act because (1) it is punishable under the Controlled Substances Act, 21 U.S.C. § 844(a), and (2) it is a felony under State law. *See Matter of Santos-Lopez*, 23 I&N Dec. 419 (BIA 2002) (discussing circuit precedents on the definition of an aggravated felony); *see also United States v. Simon*, 186 F.3d 1271 (11th Cir. 1999), *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002) (*modifying Matter of L-G-*, 21 I&N Dec. 89 (BIA 1995)). We accordingly conclude that the respondent is removable as an alien convicted of an aggravated felony. He is therefore ineligible for the relief of cancellation of removal under section 240A of the Act, 8 U.S.C. § 1229b.

The respondent argues on appeal that he should not be considered to have been convicted because he was subject to deferred adjudication. First, the record does not reflect that the respondent benefitted from deferred adjudication. *See* Exh. 2 (record of conviction, fifth unnumbered page). Second, we rejected a similar argument in *Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002). In conclusion, the respondent is removable as charged, and has not established eligibility for any form of relief from removal. For the foregoing reasons, the appeal will be dismissed.

ORDER: The appeal is dismissed.

_____
FOR THE BOARD

2